IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY MOISES DELGADO-PEREZ,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security, et al.,<br><br>Respondents. | 4:26-CV-3134<br><br>MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in North Platte, Nebraska. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his continued detention is unlawful. Filing 1. The government asserts a hearing is not necessary, and the Court agrees. The Court will deny the petition.

BACKGROUND

The petitioner is a citizen of Venezuela. He entered the United States and was inspected at the San Ysidro, California port of entry in September 2024, with his wife and two young children. He was not taken into custody or arrested; rather, he was allowed into the United States on humanitarian parole, 8 U.S.C. § 1182(d)(5)(A), and placed in removal proceedings. He was issued a Notice to Appear at that time, for a hearing in September 2025. Filing 1-2. The petitioner was designated as an "arriving alien." Filing 8-2 at 1.

In March 2025, the petitioner was in a vehicle that was stopped by Nebraska State Patrol in Hall County. Filing 1 at 9. All the passengers were cited for controlled substances offenses; ten days later, all charges against the

petitioner were dismissed. Filing 1-4 at 3. The petitioner was taken into ICE custody at that time. While in custody, the United States District Court for the District of Colorado issued an arrest warrant for the petitioner. The petitioner was then in the custody of the United States Marshals Service, subject to an immigration detainer under 8 C.F.R. § 287.7. The petitioner's removal proceedings were administratively closed on April 23, 2025. Filing 1 at 4.

On April 2, 2026, the Colorado court dismissed all federal charges against the petitioner with prejudice. Yet he remained in the Marshals' custody until April 24, 2026. According to the government, "there was confusion and miscommunication among" the Marshals Service about the reason for the petitioner's continued custody. Filing 9 at 4. By April 27, the petitioner was out of the Marshals' custody, and returned to ICE custody pursuant to a warrant. He is now in custody in North Platte, Nebraska. The petitioner's immigration proceedings were reopened, *see id.*, and a hearing is set for July 28.

## DISCUSSION

The government argues that the petitioner is subject to detention pursuant to § 1225(b)(2)(A). Filing 9 at 5. The petitioner had previously been permitted to remain in the United States on humanitarian parole. *See, generally*, 8 C.F.R. § 212.5. The petitioner argues that the alleged termination of his parole required written notice. Filing 10 at 9.

But pursuant to § 212.5(e), humanitarian parole terminates either (1) without written notice at the time it expires or upon the noncitizen's departure from the United States, or (2) with written notice "upon accomplishment of the purpose for which parole was authorized or when in the opinion of [certain DHS officials] neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." In either case, the

2

noncitizen "shall be restored to the status that he or she had at the time of parole." § 212.5(e)(2)(i).

Here, the petitioner's parole expired on April 24, 2026.[1] Filing 8 at 4; filing 8-1. At that time, he reverted to his status at the time of parole—an "arriving alien" pursuant to § 1225. Accordingly, as a matter of statutory law, the petitioner is subject to detention without bond pursuant to § 1225(b)(2)(A).

The petitioner's remaining arguments to the contrary rely primarily on the sequence of events between April 2 and April 27, 2026. *See* filing 10. And it's fair to say that the basis for the petitioner's detention immediately after the criminal charges against him in Colorado were dismissed is unclear. The petitioner asserts that, even if he could have been detained pursuant to the April 10, 2025 ICE detainer, that authority ended no later than April 6, 2026, pursuant to 8 C.F.R. § 287.7(d). Filing 10 at 5. The petitioner also questions the April 10, 2025 detainer, noting that it was premised on immigration proceedings that were administratively closed from April 23, 2025 until April 29, 2026. Filing 10 at 7-8.

But—as the petitioner apparently concedes, *see* filing 10 at 5—the issue presented by his habeas corpus petition is whether he is unlawfully detained *now*, not whether he was unlawfully detained at some point in the past.[2] The

---

[1] The petitioner questions that date, asserting that "the 'admit until' date of April 24, 2026, has no apparent relationship to the arrival date of September 27, 2024." Filing 10 at 8. But he has presented no evidence to contradict the government's sworn declaration and documentation on that point. Filing 8; filing 8-1.

[2] The government contends the Court lacks jurisdiction over claims arising from his allegedly unlawful detention in Colorado from April 2, 2026 until April 27, 2026. Filing 9 at 12. But the Court takes the petitioner at his word that he is not, in this proceeding, seeking relief as it relates to that detention—rather, the government's allegedly arbitrary and capricious

petitioner may well have some sort of claim for damages against the officials who kept him detained until after his parole expired. But his parole *did* expire, he *did* return to the status he had before he was paroled, and that status subjects him to detention without bond pursuant to § 1225(b)(2)(A).[3] *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Accordingly,

IT IS ORDERED:

1.    The petition for writ of habeas corpus is denied.

2.    The government's motion to dismiss (filing 6) is denied.

3.    A separate judgment will be entered.

Dated this 8th day of July, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

---

detention in April provides necessary and relevant context for his *continued* detention in the District of Nebraska. *See* filing 10 at 2. With that understanding, the government's motion to dismiss for lack of jurisdiction will be denied.

[3] The petitioner has not asserted a due process argument premised on prolonged or indefinite detention, *see, e.g.*, *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026), and the Court does not address the viability of such a contention.

4